UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS CORRADI,<br><br>    Plaintiff,<br><br>  v.<br><br>NEW JERSEY STATE PAROLE BOARD, et al.,<br><br>    Defendants. | Civil Action No. 16-5076(FLW)<br><br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Plaintiff's filing of an action pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* ("IFP application"). It appearing that:

Plaintiff's Complaint and IFP application are dated July 22, 2016. (ECF No. 1, Compl. at 7; ECF No. 1-1, IFP application at 2.) In his IFP application, Plaintiff indicates that he is both a convicted prisoner and a pretrial detainee, and he includes in the IFP application an uncertified prison account statement from Central Reception and Assignment Facility ("CRAF"). (ECF No. 1-1.) The uncertified account statement covers the period from December 15, 2015 to June 15, 2016, which is not the sixth-month period immediately preceding the commencement of this litigation. (*Id.* at 3-14.) Plaintiff's submissions were docketed with this Court on August 17, 2016, and appear to have been mailed from a private address. *See* ECF No. 1-2.) As such, it is not clear to the Court whether Plaintiff was a prisoner at the time he mailed his Complaint or if he had been released from prison at the time he mailed his Complaint.

If Plaintiff was not a prisoner at the time he filed his Complaint, he need not submit a prison statement with his IFP application; however, the Court cannot grant his current IFP

1

application because it does not provide sufficient information for the Court to assess whether he is indigent. As such, the Court will direct the Clerk of the Court to send Plaintiff an application to proceed *in forma pauperis* for non-prisoners (AO 239) (Long Form). If Plaintiff is a non-prisoner, he must fill out the non-prisoner IFP application (AO 239) (Long Form) completely so that the Court can assess whether he is indigent.

If Plaintiff was a prisoner at the time he mailed his Complaint, he must comply with certain additional requirements of The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915. The Act establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the

prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).[1]

If Plaintiff wishes to proceed with this action, he must clarify his status as a prisoner or a non-prisoner, and must submit the appropriate completed IFP application, as explained above.  If the Court grants IFP status to Plaintiff, the Court will then screen the Complaint and must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit prisoners to get any portion of the filing fee back.

**THEREFORE**, it is on this 6th day of September, 2016;

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* is hereby denied **WITHOUT PREJUDICE** for the reasons stated in the Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner

---

[1] If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x. 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff the blank form applications to proceed *in forma pauperis* for both prisoners and non-prisoners; if he wishes to proceed with this action, Plaintiff should complete the appropriate form; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; his submission should include a complete IFP application or the full filing fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail at the address on file.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge