UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS CORRADI,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY STATE PAROLE BOARD, et al.,<br><br>    Defendants. | Civil Action No. 16-5076(FLW)<br><br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Plaintiff's filing of an action pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* ("IFP application"). The Court previously administratively terminated the action for failure to submit either a complete IFP application or the full filing fee. (ECF No. 2) It appearing that:

Plaintiff's Complaint and initial IFP application are dated July 22, 2016. (ECF No. 1, Compl. at 7; ECF No. 1-1, IFP application at 2.) In his initial IFP application, Plaintiff indicates that he is both a convicted prisoner and a pretrial detainee, and he includes in the IFP application an uncertified prison account statement from Central Reception and Assignment Facility ("CRAF"). (ECF No. 1-1.) The uncertified account statement covers the period from December 15, 2015 to June 15, 2016, which is not the sixth-month period immediately preceding the commencement of this litigation. (*Id.* at 3-14.) Plaintiff's submissions were docketed with this Court on August 17, 2016, and appear to have been mailed from a private address. *See* ECF No. 1-2.) As such, it was not clear to the Court whether Plaintiff was a prisoner at the time he mailed his Complaint or if he had been released from prison at the time he mailed his Complaint. The Court administratively terminated the action for failure to pay the filing fee or submit a complete

1

application to proceed *in forma pauperis* and sent Plaintiff the appropriate forms. (*See* ECF No. 2.)

In a letter dated October 7, 2016, Plaintiff explained to the Court that he has been incarcerated since April 1, 2015. He was released from state prison on July 29, 2016, and taken directly to Middlesex County Adult Correctional Center. He further states that he had his Complaint mailed from a residential address because the County Jail would not mail his Complaint. (ECF No. 3, Letter at 1.) Plaintiff also states in his letter that he has submitted "a notarized copy of [his] inmate account statement from Middlesex County Jail." (*Id.*) The statement, like the account statement submitted with his original IFP application, is not certified by the appropriate official at Middlesex County Jail, as required by 28 U.S.C. § 1915.[1]

Because Plaintiff was a prisoner at the time he submitted his Complaint, he must comply with certain requirements of The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915. The Act establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit certified copies of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). Each statement must be certified by the appropriate official of each institution at which Plaintiff was or is confined. *Id.* In Plaintiff's case, therefore, he must obtain certified inmate trust fund account statements from each institution at which he was confined during the six month period immediately preceding July 22, 2016.

---

[1] Nor is the copy of his account statement dont notarized.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).[2]

If Plaintiff wishes to proceed with this action, he must submit certified account statements from each institution at which he was confined during the six-month period immediately preceding the filing of his Complaint. The account statements must be certified by the appropriate official from each institution. If the Court grants IFP status to Plaintiff, the Court will then screen the Complaint and must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[2] If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

3

If the Court dismisses the case for any of these reasons, the Act does not permit prisoners to get any portion of the filing fee back.

**THEREFORE**, it is on this 27th day of October, 2016;

**ORDERED** that the Clerk shall reopen this matter so that the Court may consider Plaintiff's letter dated October 7, 2016 (ECF No. 3); and it is further

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* is hereby denied **WITHOUT PREJUDICE** for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case again, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x. 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; his writing should include certified account statements from each institution at which he was confined during the six-month period immediately preceding the filing of his Complaint or the full filing fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either certified copies of his inmate trust fund account statements or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail at the address on file and close this case accordingly.

/s/       Freda L. Wolfson
Freda L. Wolfson
United States District Judge