# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LOUIS CORRADI,** | **Civil Action No. 16-5076 (FLW)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **NEW JERSEY STATE PAROLE BOARD, et al.,** | |
| **Defendants.** | |

This matter has been opened to the Court by Plaintiff's filing of a *pro se* Complaint alleging violations of his civil rights in connection with his arrest on April 15, 2015. (ECF No. 1.) The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 9.) As explained in this Memorandum and Order, the Court will proceed the Complaint in part and dismiss it in part pursuant to its screening authority under 28 U.S.C. 1915(e)(2)(B).

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).[1] The Court construes Plaintiff to seek relief pursuant

---

[1] Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x

to 42 U.S.C. § 1983. In order to recover under § 1983, a plaintiff must provide facts showing that each defendant, under color of state law, subjected the plaintiff to a deprivation of a right, privilege, or immunity secured by the constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

At this time, the Court will proceed Plaintiff's Fourth Amendment § 1983 claims for false arrest, false imprisonment, and illegal search against Kimberly Cavanaugh and Michelle Rey, as Plaintiff has pleaded adequate facts against these Defendants to suggest that they violated his civil rights.

The Court, however, will dismiss without prejudice Plaintiff's claims asserting violations of his mother's civil rights. In his Complaint, Plaintiff alleges that his mother's civil rights were also violated when her home was searched. (ECF No. 1, at 9-10.) A litigant in federal court has a right to act as his or her own counsel. *See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882 (3d Cir. 1991). It is well settled, however, that a prisoner acting *pro se* cannot assert claims on behalf of anyone but himself or herself. With respect to the alleged violation(s) of Plaintiff's mother's rights, Plaintiff lacks standing to seek damages on his own behalf because litigants "cannot rest a claim to relief on the legal rights or interests of third parties." *Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton*, 556 F. App'x 124, 125 (3d Cir. 2014) (citing *Powers v. Ohio*, 499 U.S. 400, 410 (1991). Plaintiff also lacks the authority to assert claims on his mother's behalf because a party may not represent another *pro se*. *See Id.* (citing *Osei–Afriyie*, 937 F.2d at 883).

---

230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Plaintiff also appears to allege that the Defendants violated his right under *Miranda* to be free from custodial interrogation. However, "questioning a plaintiff in custody without providing *Miranda* warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial." *Renda v. King*, 347 F.3d 550, 557–58 (3d Cir. 2003); *see also Ojo v. Luong*, No. 16-2287, 2017 WL 4022535, at *3 (3d Cir. Sept. 13, 2017) ("it is the use of coerced statements during a criminal trial, and not in obtaining an indictment, that violates the Constitution.") (citing *Renda*, 347 F.3d at 559 (emphasis added).[2] Because Plaintiff has not alleged that he made any coerced statements, or that these statements were used against him at trial, the Court will dismiss without prejudice his *Miranda* claim.

To the extent Plaintiff is attempting to assert a malicious prosecution claim, he has not adequately pleaded the elements for that claim. To plead a claim for malicious prosecution, a plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quotation marks omitted); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013). Here, Plaintiff has stated only that he was arrested without probable cause and "spent over 16

---

[2] The Third Circuit has "not squarely addressed whether the use of statements taken in violation of Miranda at a suppression hearing violates the Fifth Amendment" *Ojo*, 2017 WL 4022535, at *4. Here, Plaintiff does not assert that he made any statements or that these statements were used against him.

months in custody[.]"  (ECF No. 1, at 10.)  As such, although he has pleaded elements three and five, he has not adequately pleaded the remaining elements of a malicious prosecution claim.

The Court will also dismiss <u>without prejudice</u> the § 1983 claims against the remaining individual Defendants – P.O Marquis Barron, P.O. James Perdoni, P.O. Jeffrey Sosnak, P.O. Derek Turnure, P.O. Thomas Hyson, P.O. Michael Nunn, Detective Kevin Lamonte, Officer Melanson, Officer Franchak.  Although Plaintiff has included these Defendants in his "List of Defendants", he has not provided any facts to suggest that these particular Defendants were involved in the alleged wrongs and/or are the unnamed officers mentioned in his "Statement of Claims."  To be individually liable under § 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) ("It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.").  At the very least, Plaintiff must plead facts showing these Defendants were involved in the alleged wrongs.  The Court will dismiss the § 1983 claims <u>without prejudice</u> against these Defendants.

The Court will dismiss <u>with prejudice</u> the claims against the Middlesex County Adult Correctional Center,[3] Central Reception and Assignment Facility, and the New Jersey State Parole Board, as these Defendants are not persons amenable to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 and n. 10 (1989); *Bendy v. Ross*, No.

---

[3] Even if the Court were to construe the County of Middlesex as a defendant, Plaintiff has not identified or provided any facts regarding the alleged failure to train or any other municipal policy or custom sufficient to hold the Middlesex County liable under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978).

CIV.A.08-0864(FLW), 2008 WL 2945979, at *3 (D.N.J. July 30, 2008) (citing *Madden v. New Jersey State Parole Board*, 438 F.2d 1189, 1190 (3d Cir.1971) (stating that New Jersey Parole Board not a person under § 1983)); *Duran v. Merline*, 923 F.Supp.2d 702, 713, fn. 4 (D.N.J. 2013) (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (New Jersey Department of Corrections is not a person under § 1983)); *Ingram v. Atl. Cnty. Justice Fac.*, Civ. No. 10–1375, 2011 WL 65915, *3 (D.N .J. Jan. 7, 2011) (citations omitted) (jail is not a person under section 1983); *Andre Simmons v. New Jersey Dep't of Corr.*, No. CIV.A. 14-7205 FLW, 2015 WL 3488137, at *3 (D.N.J. June 2, 2015) (same).[4]

Plaintiff may submit an Amended Complaint with respect to the claims the Court has dismissed without prejudice. In this regard, the Court notes that Plaintiff has submitted a number of letters and exhibits in which he purports to supplement his Complaint. (ECF Nos. 10, 11, 13.) These submissions do not comply with the Federal Rules, and the Court will not construe these letters and documents as supplements to Plaintiff's Complaint. Instead, if Plaintiff so chooses, he may, within 30 days of his receipt of this Memorandum and Order, submit one <u>all-inclusive</u> Amended Complaint, which would then supersede the current Complaint.

**IT IS, THEREFORE,** on this 28th day of November, 2017,

---

[4] Furthermore, "[a]s a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute." *Randolph v. New Jersey State Parole Office*, No. CIV.A. 07-376 (RMB), 2007 WL 1521189, at *2-3 (D.N.J. May 21, 2007) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Id.* (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)). Section 1983 does not override a state's Eleventh Amendment immunity. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

**ORDERED** that Plaintiff's Fourth Amendment § 1983 claims for false arrest, false imprisonment, and illegal search against Kimberly Cavanaugh and Michelle Rey shall PROCEED at this time; and it is further

**ORDERED** Plaintiff's claims asserting violations of <u>his mother's</u> civil rights are dismissed WITHOUT PREJUDICE; and it is further

**ORDERED** that Plaintiff's *Miranda* claim is dismissed WITHOUT PREJUDICE; and it is further

**ORDERED** that Plaintiff's malicious prosecution claim is dismissed WITHOUT PREJUDICE; and it is further

**ORDERED** that the § 1983 claims against the remaining individual Defendants – P.O Marquis Barron, P.O. James Perdoni, P.O. Jeffrey Sosnak, P.O. Derek Turnure, P.O. Thomas Hyson, P.O. Michael Nunn, Detective Kevin Lamonte, Officer Melanson, Officer Franchak –are dismissed WITHOUT PREJUDICE; the Clerk of the Court shall terminate these Defendants from the docket at this time; and it is further

**ORDERED** that the § 1983 claims against Middlesex County Adult Correctional Center, Central Reception and Assignment Facility, and the New Jersey State Parole Board are dismissed WITH PREJUDICE; the Clerk of the Court shall terminate these Defendants from the docket; and it is further

**ORDERED** that Plaintiff may submit an Amended Complaint within 30 days with respect to the claims that the Court has dismissed without prejudice; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[5]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[6]; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[5] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[6] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.