UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS CORRADI, | Civil Action No. 16-5076 (FLW)(DEA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| NJ STATE PAROLE BOARD, et al., | |
| Defendants. | |

The following matters are before the Court: Plaintiff's second Motion to Appoint Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1), ECF No. 32; Plaintiff's Motion to Amend the Complaint, ECF No. 36; and Plaintiff's Application for an Order for the USMS to Serve Subpoenas, ECF Nos. 34, 39. The Court has fully considered Plaintiff's motions and application and, having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below Plaintiff's Motion to Appoint Pro Bono Counsel, Motion to Amend the Complaint, and Application for an Order for the USMS to Serve Subpoenas are DENIED.

I.  **Background**

Plaintiff is a *pro se* civil litigant proceeding *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 4. Plaintiff's Complaint alleges violations of his civil rights in connection with his April 15, 2015 arrest. ECF No. 1. The original Complaint, filed on August 17, 2016, when Plaintiff was incarcerated, named 15 defendants. Id. Upon screening the Complaint in November 2017 pursuant to §1915(e)(2)(B), U.S. District Judge Freda L. Wolfson allowed Plaintiff's §1983 claims for false arrest, false imprisonment, and illegal search to proceed against Defendants

1

Kimberly Cavanaugh and Michelle Rey, while his claims against all other named defendants were dismissed. ECF No. 14.

On December 11, 2017, Plaintiff filed a Motion to Appoint Pro Bono Counsel claiming "he is 'unfamiliar with Federal Court procedure and [is] not versed in Federal law.'" ECF No. 16 at 2. This Court denied that motion as premature, because the factual and legal issues had not been developed with the case then at its earliest stages. Id. This Court also stated that Plaintiff's admitted unfamiliarity "with Federal Court procedure" and with federal law alone are "not a basis for appointing counsel, because it is a limitation held in common by most *pro se* parties." Id. (citing Hooks v. Schultz, No. 07-5627, 2010 U.S. Dist. LEXIS 7344, at *1 n.2 (D.N.J. Jan. 29, 2010)). Lastly, this Court ruled that Plaintiff's *in forma pauperis* status and statements that he could not afford counsel also were "insufficient to grant Plaintiff's motion." Id.

On August 10, 2018, Plaintiff filed his second Motion to Appoint Pro Bono Counsel. ECF No. 32. On September 7, 2018, Plaintiff filed the Motion to Amend the Complaint seeking to join an individual defendant. ECF No. 36. On August 27, 2018, Plaintiff filed the Application for an Order for the USMS to Serve Subpoenas, stating that he "had no money to cover the cost of this action" and that the subpoenas "are an integral part of my case" and were needed "to further pursue this current case at bar." ECF No. 34.

**II.     Legal Standard for the Appointment of Pro Bono Counsel**

Although there is no right to counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993), pursuant to §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. See Tabron, 6 F.3d at 156.

2

When deciding whether to appoint counsel under § 1915, the Court must be persuaded that Plaintiff's claim has some merit in law and fact. Id. at 155. If the Court finds Plaintiff's claim has merit, the Court then must weigh a variety of factors to decide whether it is appropriate to appoint counsel: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. Tabron, 6 F.3d at 155-157. Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time" also must be considered when deciding an application for the appointment of pro bono counsel. Jenkins v. D'Amico, No. 06-2027, 2006 U.S. Dist. LEXIS 59102, at *1 (D.N.J. Aug. 22, 2006) (citing Tabron, 6 F.3d at 157-58).

**III. Discussion**

Judge Wolfson's ruling allowing Plaintiff's § 1983 claims to proceed against Defendants Kimberly Cavanaugh and Michelle Rey means the Complaint has at least some merit on its face. Thus, the Court can proceed to examine the Tabron factors.

Fewer than 10 months ago, this Court denied Plaintiff's first Motion to Appoint Pro Bono Counsel for the reasons stated above. The Court notes that little has changed beyond the filing of an Answer in March 2018 by the only two remaining defendants. ECF No. 26. This Court earlier found that Plaintiff's admitted unfamiliarity "with Federal Court procedure" and with federal law alone are "not a basis for appointing counsel, because it is a limitation held in common by most *pro se* parties." Plaintiff now adds that with the case at the discovery stage Plaintiff "will need to

file motions with the Court and I am unsure what to do." ECF No. 32 at 3. And yet in the intervening 10 months, Plaintiff has competently filed a Motion Seeking Summary Judgment, ECF No. 31, the instant Motion to Appoint Pro Bono Counsel, an Application for Issuance of Subpoenas, ECF No. 33, an Application for an Order for the Marshall's Service to Serve Subpoenas, as well as the instant Motion to Amend the Complaint. ECF No. 36. Only the last is facially deficient, a matter to be discussed below. Furthermore, Plaintiff has not demonstrated that the legal issues involved here and any necessary factual investigation, credibility determinations, or expert testimony warrant the appointment of counsel. It still appears, as it did 10 months ago, that this matter presents relatively straightforward legal issues and is not unusually complex, and that Plaintiff appears capable of—and indeed has—presenting his claims without the assistance of counsel.

This motion, therefore, is denied.

**IV.  Legal Standard for a Motion to Amend the Complaint**

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely "when justice so requires." *See* Foman v. Davis, 371 U.S. 178, 182 (1962); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. Where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Still, under L.Civ.R. 7.1(f)(1), the moving party is required to affix a copy of the proposed Amended Complaint to the motion.

V. **Discussion**

Plaintiff seeks to Amend the Complaint to add an individual defendant. In support of the motion, Plaintiff provides only a New Jersey State Parole Board form titled "Notice of Probable Cause Hearing." ECF No. 36, Attachment No. 1. In one corner of the form there is hand printing—presumably the Plaintiff's—stating, "Amendment." Id. At the bottom, there is hand printing stating, "Never had any hearing(s) and NO due process and NO finding of guilt." Id. The form is signed by the individual that Plaintiff seeks to join as a Defendant. Defendants have not opposed the request.

In determining whether an Amended Complaint is appropriate, a decision which rests within the sound discretion of the trial court, the following factors are generally considered: "the promotion of a justiciable disposition of the case, the delay or inconvenience to permitting the plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action." Payne v. Duncan, No. 13-2203, 2015 U.S. Dist. LEXIS 64050, at *3 (M.D. Pa. May 15, 2015). Just as important, L.Civ.R. 7.1(f)(1) requires the moving party to affix a copy of the proposed Amended Complaint to the motion. Here, Plaintiff attached only the New Jersey State Parole Board form discussed above. Because there is no proposed Amended Complaint attached to the Motion, Plaintiff has failed to comply with the local rule, and his motion may be rejected on this basis alone. Moreover, without a copy, the Court cannot properly evaluate the proposed supplemental complaint vis-à-vis the relevant factors above. Therefore, this motion also is denied.

VI. **Legal Standard on Applications for Orders for the U.S. Marshals Service to Serve Subpoenas.**

Plaintiff requests that this Court order the United States Marshals Service to "process AND serve the defendant (NJ State Parole) with the subpoenas." ECF No. 34. Of course, Judge

Wolfson's Order terminated New Jersey State Parole Board as a defendant. Regardless, Plaintiff provided no further information about the request except to state that the "subpoena(s) are an integral part of my case and as such, I need them to further pursue this current case at bar." Id. That said, Plaintiff by letter dated July 20, 2018, but received by the Court on September 28, 2018, added some context in asking the Court for more time "to obtain more documents as related to the (2) summons." ECF No. 39. Defendants have not opposed the Application.

As a threshold matter, Fed. R. Civ. P. 45 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena." While this court can order the Marshals Service to serve a subpoena pursuant to 28 U.S.C. § 566(a), Plaintiff has not shown why service by the Marshals Service is required as opposed to other service options. Indeed, since copies of the subpoenas were not provided with the Application, the Court can not properly evaluate that need. Regardless, "[n]o special agent is required to serve a subpoena." Love v. New Jersey Dep't of Corr., No. 15CV4404 (SDW)(SCM), 2017 WL 3151247, at *1 (D.N.J. July 24, 2017). While Plaintiff filed the instant action when he was incarcerated, based on a letter informing the Court of a new address, ECF No. 12, he has since been released and thus no longer faces the constrictions for moving his case forward that he might have experienced in prison.

Finally, the "Court need not determine at this juncture whether service of a subpoena by certified mail is appropriate…it is clear [Plaintiff] has access to the mail and that such service has been described as a 'sensible option' to reduce 'the costs of litigation.'" Love, 2017 WL 3151247 at *1 (citing Ott v City of Milwaukee, 682 F.3d 552 (7th Cir. 2012) and New Jersey Bldg. Laborers Statewide Ben. Funds & Trustees Thereof v. Torshio Bros., No. 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009)( holding that "[c]ertified mail serves the same purpose as Rule 45(b)" and finding that petitioner's compliance with Rule 45 and personal delivery

through certified mail with proof of receipt of the certified letter rendered a subpoena valid.))

Therefore, the Application Seeking an Order for the Marshals Service to Serve Subpoenas also is denied.

Consequently,

**IT IS** on this 24th day of October 2018,

**ORDERED** that Plaintiff's Motion to Appoint Pro Bono Counsel [ECF No. 32] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint [ECF No. 36] is **DENIED** without prejudice; and

**IT IS FURTHER ORDERED** that Plaintiff's Application for an Order for the Marshals Service to Serve Subpoenas [ECF No. 34, 39] is **DENIED** without prejudice, and that Plaintiff, not the United States Marshals Service, shall be responsible for service of any subpoenas approved by the Court.

 s/ Douglas E. Arpert
 **DOUGLAS E. ARPERT**
 **UNITED STATES MAGISTRATE JUDGE**