# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
LOUIS CORRADI,                            :
                                          :
      Plaintiff,                       :    Civ. No. 16-5076 (FLW) (DEA)
                                          :
v.                                        :
                                          :
P.O. MICHELLE REY et al.,                 :    **MEMORANDUM AND ORDER**
                                          :
      Defendants.                      :
_____ :

      Plaintiff, Louis Corradi ("Corradi" or "Plaintiff"), is proceeding *pro se* with a Complaint alleging civil-rights violations under 42 U.S.C. § 1983. (ECF No. 1.) On November 28, 2017, the Court permitted Corradi to proceed with claims for false arrest, false imprisonment, and illegal search against defendants Kimberly Cavanaugh and Michelle Rey but dismissed the remainder of Corradi's claims. (*See* ECF No. 14.) Although Corradi subsequently moved to amend his Complaint, he included no proposed amended pleading, and his motion was denied. (*See* ECF Nos. 36, 45.)

      Corradi has now filed a motion entitled "Request for Summary Judgment." (ECF No. 31.) Although he purportedly seeks "summary judgment according the [sic] Federal Rules of Civil Procedure 12," the sole basis for judgment asserted in his two page motion is that the United States Marshal Service served the Complaint upon defendant South Plainfield Police Department on April 30, 2018, yet that defendant never responded. (*Id.*) Despite its label, this motion must be construed as a motion for *default judgment* under Federal Rule of Civil Procedure 55(b), and not a motion for summary judgment under Rule 56 or for any relief under Rule 12.

Indeed, it appears that Corradi ultimately realized this issue, as he subsequently filed a separate motion for default judgment against the South Plainfield Police Department. (ECF No. 48). This motion is substantively identical to the "Request for Summary Judgment" he previously filed. (*Id.*)

Rule 55 discusses both an entry of default by the Clerk of the Court and an entry of default judgment. Fed. R. Civ. P. 55(a)–(b). "[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008). Corradi has never requested any entry of default by the Clerk, and none has ever been entered. Accordingly, default judgment cannot be granted. *Husain*, 265 F. App'x at 133.

Furthermore, Corradi's Complaint does not state any claims against the South Plainfield Police Department. In the "List of Defendants" attached to the Complaint, Corradi did not list the South Plainfield Police Department itself as a defendant, though he did list three individual officers of that department. (ECF No. 1 at ECF p. 8.) The claims against those officers were dismissed by the Court upon initial screening. (ECF No. 14.) Indeed, the only reason the South Plainfield Police Department is listed as a defendant on the docket appears to be that it is mentioned in the caption section of Corradi's form Complaint. (ECF No. 1 at ECF p. 1.) The Complaint never again mentions the police department as a defendant and includes no factual allegations concerning it. (*See* ECF No. 1.) Accordingly, I again exercise my screening authority under 28 U.S.C. § 1915(e)(2)(B) and dismiss any claims asserted against the South Plainfield Police Department.

Accordingly, IT IS, on this 21st day of February 2019,

ORDERED that Plaintiff's "Request for Summary Judgment" (ECF No. 31) is construed as a motion for default judgment against defendant South Plainfield Police Department under Federal Rule of Civil Procedure 55(b) and is DENIED; and it is further

ORDERED that Plaintiff's subsequent motion for default judgment against defendant South Plainfield Police Department (ECF No. 48) is DENIED; and it is further

ORDERED that any claims asserted by Plaintiff against defendant South Plainfield Police Department are DISMISSED upon screening under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. mail.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge