UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LOUIS CORRADI, | : | Civil Action No. 16-5076 FLW-DEA |
| Plaintiff, | : | |
| | : | MEMORANDUM OPINION |
| v. | : | AND ORDER |
| | : | |
| NEW JERSEY STATE PAROLE BOARD, et al., | : | |
| Defendants. | : | |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court on a Motion by *pro se* Plaintiff Louis Corradi ("Plaintiff") to Enforce a Subpoena. ECF No. 51. New Jersey Department of Corrections opposes the Motion and has filed a Notice of Cross-Motion to Quash the Subpoena. ECF No. 54. The Court has fully reviewed the submissions of Plaintiff and New Jersey Department of Corrections and considers same without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is **GRANTED**, while NJDOC's Motion is **DENIED**.

I. **Background**[1]

Plaintiff filed his Complaint on August 17, 2016, alleging civil-rights violations under 42 U.S.C. § 1983 in connection with his arrest on April 15, 2015. ECF No. 1. The original Complaint named 15 defendants. Id. Upon screening the Complaint in November 2017 pursuant to § 1915(e)(2)(B), U.S. District Judge Freda L. Wolfson allowed Plaintiff's § 1983 claims for false arrest, false imprisonment, and illegal search to proceed against Defendants Kimberly

---

[1] The following facts are taken primarily from Plaintiff's Complaint, ECF No. 1, and are assumed true for purposes of this Memorandum.

Cavanaugh and Michelle Rey, while his claims against all other named defendants were dismissed. ECF No. 14. Plaintiff subsequently moved to amend his Complaint, but that Motion was denied, in part because he included no proposed amended pleading. ECF Nos. 36,45. Plaintiff filed the instant motion on January 3, 2019. ECF No. 51. NJDOC filed its opposition and Notice of a Cross-Motion to Quash the Subpoena on January 18, 2019. ECF No. 54.

II. **Legal Standard**

It is well established that the scope of discovery in federal litigation is broad. Fed. R. Civ. P. 26(b)(1). "The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" Republic of Argentina, 573 U.S. at 139 (*quoting* Fed. Rule Civ. Proc. 26(b)(1)); *see also* Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Information sought by the parties need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). During discovery, "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Of course, the responding party is not obliged to produce documents it does not possess or can not obtain. *See* Bumgarner v. Hart, 2007 WL 38700, at *5 (D.N.J. Jan. 4, 2007) (holding that the Court cannot order production of documents that are not in the responding party's possession or control). Not only must the requested documents be in the responding party's possession or control, they also must be relevant. The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the District Court. Barnes Found. v. Twp. of Lower Merion et al., 1996 WL 653114, at *1 (E.D.Pa. 1996). While the scope of discovery is undoubtedly broad, the Federal Rules also provide that a Court "must limit the frequency or extent of

discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). Further, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be discovered as possible...while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." Schmulovich v. 1161 Rt. 9 LLC, Civ. No. 07-597, 2007 WL 2362598, at *1–2 (D.N.J. Aug. 15, 2007); *see also* Pearson, 211 F.3d at 65; Fed. R. Civ. P. 26(c). Finally, Rule 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a document request propounded pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Ultimately, it is within the Court's discretion whether to grant a motion to compel disclosure. In re Cendant Corp. Sec. Litig., 343 F.3d 658, 668 (3d Cir. 2003).

### III. Discussion

Plaintiff seeks to compel New Jersey Department of Corrections (the "NJDOC")[2] to produce a variety of documents. ECF No. 51 at p.3. Plaintiff issued a Subpoena dated October 29, 2018 to NJDOC seeking: "ALL electronically stored and paper documents relating to the Plaintiff….ALL forms, notes (written and electronic). ALL communication(s) (written and electronic). ANY and ALL disciplinary action(s) if any, taken against Plaintiff (written and electronic). ALL chronological report(s) relating to Plaintiff. ANY and ALL (consent to search) form(s) relating to Plaintiff." ECF No. 51 at p.3. Plaintiff states that the Subpoena was served in

---

[2] NJDOC is listed on the docket as an interested party. S*ee* the docket.

mid-November 2018. Id. at p.1. In response, Plaintiff states, he received on December 24, 2018 a letter dated December 19, 2018 from New Jersey's Office of the Attorney General objecting to the Subpoena as "overbroad and unduly burdensome." Id. at pp.1-2. Plaintiff contends this response was "nothing more than a stall tactic in the hopes that I would 'go away.'" Id. at p.1. In contrast, Plaintiff says, the same Subpoena was served on the New Jersey State Parole Board—originally a named Defendant but dismissed by Judge Wolfson's November 28, 2017 decision—and it "seem[s] to be in compliance with this order." Id. Plaintiff notes that the objection letter from NJDOC failed to comply with Fed. R. Civ. P. 45(d)(2)(B), which requires any objection to a Subpoena to be served no later than 14 days after service. Id.

NJDOC relies entirely on the Certification of Stephanie R. Dugger for its opposition and its cross-motion. There, NJDOC contends Plaintiff's document requests "are so broad they would elicit confidential documents of which (sic) have no relevance to the underlying litigation." Cert. of Dugger, *see* ECF No. 54-1 at ¶9. NJDOC says that as a nonparty to the litigation it "would be unduly burdened in responding to such an overbroad subpoena, which would also be very costly upon state resources." NJDOC does not elaborate on what kinds of confidential documents would be responsive to Plaintiff's requests nor on how the requests would constitute an undue burden on NJDOC. Instead, NJDOC cites Fed. R. Civ. P. 45(d)(3)(A) for the proposition that the Court "must quash or modify a subpoena that," in pertinent part, "requires disclosure of privileged or other protected matter….or subjects a person to undue burden." Id. at ¶¶12-13.

After considering the relevant factors, the Court will grant Plaintiff's Motion. The Court observes as a threshold matter that NJDOC failed to observe the very Federal Rule of Civil Procedure it seeks to have this Court enforce against Plaintiff. Specifically, Rule 45(d)(2)(B)

requires that any objection to a subpoena must be "served before the earlier of the time specified for compliance or 14 days after the subpoena is served." The instant Subpoena is dated October 29, 2018, and Plaintiff contends it was served by mid-November 2018. ECF No. 51 at pp.1,3. Plaintiff's exhibits include a letter dated December 19, 2018 from counsel for NJDOC objecting to the Subpoena. Id at p.2. Plaintiff contends he received this letter on December 24, 2018. Id. at p.1. Even if Plaintiff did not serve the Subpoena until the end of November, NJDOC's objection letter is clearly untimely pursuant to Rule 45(d)(2)(B), as it was dated more than 14 days after NJDOC was served.

More substantively, the party opposing discovery typically has the burden "to clarify and explain its objections and to provide [the factual] support therefor." Barnes Found., 1996 WL 653114, at *2 (quoting Roesberg v. Johns–Manville Corp., 85 F.R.D. 292, 297 (E.D.Pa.1980) (Troutman, J.)). NJDOC does not demonstrate how the request would be disproportionate to any possible need by the Plaintiff. NJDOC does not, for instance, detail the monetary or labor costs of complying with the Subpoena. NJDOC also does not even hint at what kinds of confidential documents it would have to produce in order to respond to Plaintiff's Subpoena. Instead, NJDOC states only that the documents sought would "elicit confidential documents" of "no relevance to the underlying litigation." More than mere adjectives and conclusionary statements are needed for the Court to determine that a request for documents is not just burdensome but "unduly burdensome" pursuant to Rule 26(b). The mere statement by a party that a discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. Barnes Found., 1996 WL 653114, at *2 (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir.1982)).

When the burden of a discovery request is likely to outweigh the benefits, Rule 26(b)(2)(C) vests a District Court with the authority to limit a party's pursuit of otherwise discoverable information. Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."). Accordingly, a discovery request may be denied if this Court finds there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the discovery after assessing the following factors: (i) the unreasonably cumulative or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by [other] discovery"; and (iii) "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff alleges Defendants violated his civil rights in connection with his arrest on April 15, 2015. NJDOC contends Plaintiff's requests are overbroad because they seek "'ALL communication(s) (written and electronic);' 'ANY and ALL warrant(s) for arrest and or search of person or residence;' among his other overly broad and unduly burdensome requests." ECF No. 54-1 at ¶8. In contrast to NJDOC's selective quotation of the Subpoena, Plaintiff requests are limited: he seeks electronic and paper documents "relating to the Plaintiff" that are in the possession or control of NJDOC. ECF No. 51 at p.1. In essence, he seeks documents he assumes are contained in the NJDOC's file on him. NJDOC has made no showing that the needs of the case and/or the parties' resources are outweighed by the burden or expense of producing the documents requested by Plaintiff.

III. **Conclusion and Order**

For the reasons stated above,

IT IS on this 24th day of April 2019,

**ORDERED** that Plaintiff's Motion to Compel [ECF No. 51] is **GRANTED**; and it is further

**ORDERED** that NJDOC's Cross-Motion to Quash the Subpoena is **DENIED**; and it is further

**ORDERED** that NJDOC must serve documents responsive to Plaintiff's Subpoena within 45 days from the date of this Order.

s/ Douglas E. Arpert

DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE