# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS CORRADI, | Civil Action No. 16-5076 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NEW JERSEY STATE PAROLE BOARD et al., | |
| Defendants. | |

1. Pro se Plaintiff Louis Corradi is a convicted sex offender serving a term of Parole Supervision for Life ("PSL") under "Megan's Law." Defendants, Sergeant Kimberly Cavanaugh and Parole Officer Michelle Rey ("Defendants"), are parole officers involved in Corradi's parole supervision. During a search of Corradi's vehicle and his residence, Defendants found a gun and various types of contraband, resulting in Plaintiff's arrest and imprisonment. Corradi alleges that the search and his resulting arrest and imprisonment violated his constitutional rights, and he filed this action pursuant to 42 U.S.C.§ 1983 alleging, in relevant part, Fourth Amendment claims for illegal search and seizure, false arrest, and false imprisonment.

2. Defendants have moved for summary judgment on Plaintiff's Fourth Amendment claims, arguing that they had reasonable suspicion to search Plaintiff's residence and car and probable cause to arrest him after discovering the gun and contraband.[1] *See* ECF No. 71-1, Defendants' Moving Brief at 13-24.

---

[1] Defendants have also argued that they are entitled to qualified immunity.

3. In opposition to Defendants' motion for summary judgment, Plaintiff has provided a copy of a September 15, 2017 Order of the Superior Court of New Jersey, Middlesex County, Law Division in which the Honorable Joseph L. Rea, J.S.C., granted Corradi's motion to suppress evidence obtained from the warrantless search on April 1, 2015, and partially dismissed Indictment # 15-09-1068-I.[2] The Indictment was subsequently dismissed on the state's application on October 11, 2017. *See* ECF No. 75-1 at 14-17, Exhibit D to Plaintiff's Opposition.

4. Defendants do not include these facts in their L. Civ. R. 56.1 Statement of Material Facts or address in their moving brief the legal consequences of the state court's determination on the Fourth Amendment claims in this matter. Nor have they provided the Court with the hearing transcripts and/or written decision from the motion to suppress. In their Reply Brief, Defendants acknowledge that the state court judge determined at the suppression hearing that Defendants lacked probable cause to search Corradi's vehicle and residence; they argue, however, that they are free to relitigate the Fourth Amendment issues because they, as individual Defendants, were not in privity with the parties to the prior proceeding and did not have a full and fair opportunity to litigate the Fourth Amendment issues.[3] *See* ECF No. 85, Defendants' Reply at 5. To address

---

[2] The Order indicates that the Indictment survived to the extent that it pertained to evidence not seized during the April 1, 2015 search.

[3] Defendants' arguments implicate the doctrine of collateral estoppel. Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. U.S.*, 440 U.S. 147, 153 (1979); *see also Allen v. McCurry*, 449 U.S. 90, 105 (1980)(doctrine of collateral estoppel applies to § 1983 suits against police officers to recover for Fourth Amendment violations). As explained by the Supreme Court in *Haring v. Prosise*, 462 U.S. 306, 313-14 (1983), "28 U.S.C. § 1738 generally requires 'federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Id.* (quoting *Allen*, 449 U.S. at 96). Here, the Court would look to New Jersey law on collateral estoppel and federal decisions construing New Jersey law to determine whether Defendants are precluded from relitigating the Fourth Amendment violations in this action.

the legal effect of the state court's determinations on the Fourth Amendment claims in this action, the Court requires the relevant record from the motion to suppress and adequate briefing by the parties.

5. At this time, the Court will direct the Clerk of the Court to administratively terminate Defendants' summary judgment motion and direct Defendants to supplement the record and submit supplemental briefing.[4] Within 30 days of the date of this Order, Defendants shall provide the <u>entire record</u> for motion to suppress for Indictment # 15-09-1068-I, including transcripts for the hearing(s) and any written decisions by the state court in connection with the motion to suppress. Defendants shall also submit supplemental briefing addressing the substance of the state court's Fourth Amendment determinations and the issue of collateral estoppel. Defendants shall serve the supplemental briefing and record on Plaintiff, and Plaintiff may submit a response to Defendants' supplemental briefing within 30 days of his receipt of the same.

**IT IS THEREFORE**, on this <u>21st</u> day of February 2020,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** Defendants' summary judgment motion at ECF No. 71 and Plaintiff's Opposition at ECF No. 75 pending the submission of supplemental briefing; and it is further

**ORDERED** that, within 30 days of the date of this Order, Defendants shall provide the <u>entire record</u> for motion to suppress in connection with Indictment # 15-09-1068-I, including transcripts for the hearing(s) and any written decisions by the state court; Defendants shall also submit supplemental briefing addressing the substance of the state court's Fourth Amendment

---

[4] The Court will also direct the Clerk of the Court to administratively terminate Plaintiff's Opposition, which appears to be docketed as a motion.

determinations and the issue of collateral estoppel; Defendants shall serve the supplemental briefing <u>and</u> the supplemental record on Plaintiff at the address on file; and it is further

**ORDERED** that Plaintiff may submit a response to Defendants' supplemental briefing within 30 days of his receipt of the supplemental briefing and exhibits; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter for docket management purposes; the Court will direct the matter to be reopened and deem the motion for summary judgment refiled when the record is complete; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

<u>*s/Freda L. Wolfson*</u>
Freda L. Wolfson
U.S. Chief District Judge