UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS CORRADI, | Civil Action No. 16-5076 (FLW) |
| Plaintiff, | |
| v. | OPINION |
| NEW JERSEY STATE PAROLE BOARD et al., | |
| Defendants. | |

**FREDA L. WOLFSON, CHIEF JUDGE**

This matter has been opened to the Court by Sgt. Kimberly Cavanaugh ("Sgt. Cavanaugh") and Officer Michelle Rey's ("Officer Rey") (collectively "Defendants") second motion for summary judgment on Plaintiff Louis Corradi's ("Plaintiff" or "Corradi") remaining Fourteenth Amendment due process claims arising from the alleged failure to provide him with probable cause and parole revocation hearings. ECF No. 108. Plaintiff has filed a motion to dismiss Defendant's summary judgment motion, which the Court construes as his opposition to Defendants' motion. ECF No. 111. For the reasons explained below, the Court grants Defendants' motion for summary judgment and denies Plaintiff's motion to dismiss.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

The Court recounts only the facts and procedural history necessary to resolve the parties' motions.

    a. Factual Background

It is undisputed that Parole Officer Michelle Rey is Plaintiff's Parole Officer and that Sgt. Cavanaugh is Officer Rey's supervisor. *See* ECF No. 71-2, Exhibit A to Defendants' First

1

Summary Judgment Motion, Plaintiff's Deposition at 21:1-15.  It is also undisputed that Cavanaugh, Rey, and additional Parole officers, as well as officers from the South Plainfield Police Department, proceeded to Corradi's residence to conduct a search of the residence on April 1, 2015.  *Id.* at 10:17-18.

Based upon the discovery of certain contraband items in his residence, Plaintiff was indicted by a Middlesex County Grand Jury for the crimes of Certain Persons Not to Have Weapons (N.J.S.A. 2C:39-7b), and Violation of Parole Supervision for Life (N.J.S.A. 2C:43-6.4(d)).[1]  Exhibit F, SPB132; Exhibit H, SPB275-276.  On April 1, 2015, Corradi was charged by the Parole Board with numerous violations of PSL, including the following: failure to refrain from possession of an Internet-capable device, failure to refrain from possession of EMT paraphernalia, failure to refrain from use and possession of alcohol and failure to refrain from possession of a firearm.  Exhibit F, SPB102-107; SPB132, SPB137-145.

On April 6, 2015, Corradi was served with a Notice of Probable Cause Hearing.  Exhibit F, SPB102- 107; Exhibit G, SPB203-206.  The Notice of Probable Cause Hearing advised Corradi of his rights, set forth those parole conditions Corradi was charged with violating and notified Corradi that the probable cause hearing, if he elected to have one, would be scheduled at a future date.  Exhibit F, SPB102-107.  It is undisputed that Corradi wished to have an attorney appointed to represent him at his probable cause hearing.  Exhibit G, SPB203-206.  On April 14, 2015, Corradi was served with an amended Notice of Probable Cause Hearing, and Plaintiff again indicated that he wished to have a probable cause hearing, and to have an attorney appointed to represent him at the hearing.  Exhibit G, SPB207.

---

[1] Unless noted, the exhibits are attached to the Declaration of Christopher C. Josephson in Support of Second Summary Judgment Motion.  *See* ECF No. 108-1.

On April 17, 2015, the Middlesex County Superior Court assigned William Z. Schneider, Esq., from the Middlesex County pro bono list of attorneys, to represent Corradi at his probable cause hearing. Exhibit A, SPB208-210. The Parole Board attempted to schedule Corradi's probable cause hearing with William Z. Schneider. Exhibit B, SPB211-228. On or about July 16, 2015, William Z. Schneider was relieved as counsel for Corradi after it was determined that he was not licensed to practice law in New Jersey. Exhibit B, SPB213, SPB221.

On July 16, 2015, Richard Turback, Assistant Chief of the New Jersey Parole Board Revocation Unit, emailed Defendant Cavanaugh and Rey, among others, to have Plaintiff "reinterviewed" in light of the delay in appointing counsel and to see if Plaintiff still wanted to be represented by court-appointed counsel. *See* Exhibit B, SPB222. On July 17, 2015, a Parole Board employee, Michael Nunn ("Nunn") sent an email to Turback and Cavanaugh, among others, stating that he had interviewed Corradi in-person at the Middlesex County Jail, advised Corradi that William Z. Schneider was relieved as his counsel, and inquired if Corradi wanted to proceed with new counsel at his hearing. Exhibit B, SPB221. As memorialized in Nunn's email to Turback and Cavanaugh, Corradi told Nunn that he wanted to proceed with new counsel at his preliminary probable cause hearing, and that he understood that it would take additional time to appoint new counsel and to resolve the parole revocation.[2] Exhibit B, SPB221.

---

[2] In his deposition, Plaintiff states that Michelle Rey and another individual named Marcus Barron visited him in jail, and he denies telling Rey and Barron that he wished to postpone his preliminary probable cause hearing. *See* ECF No. 71-2, Exhibit A to Defendants' First Summary Judgment Motion, Plaintiff's Deposition at 18:11-19:15. In his response to Defendants' second motion for summary judgment, Plaintiff does not admit or deny that Nunn visited him at the jail on or about July 17, 2015. Plaintiff does not assert, however, that he asked the Defendants, Dunn, or any other parole employees to proceed with his probable cause hearing without the benefit of counsel. And the record reflects that Brent Davis was assigned as Plaintiff's second counsel on July 28, 2015, less than two weeks after Nunn's visit. As such, the visit from Nunn and the specifics of his conversation with Plaintiff are not material to this

Subsequently, on July 28, 2015, the Middlesex County Superior Court assigned Brent M. Davis, Esq., from the Middlesex County pro bono list of attorneys, to represent Corradi at his probable cause/parole revocation hearing. Exhibit C, SPB217, SPB231.

On August 4, 2015, the Parole Board sent discovery materials to Brent Davis, along with a letter indicating that the probable cause hearing was tentatively scheduled for August 25, 2015. Exhibit D, SPB229, SPB232. On August 17, 2015, Brent Davis called Tamara Kemp, a Parole Board employee, and requested to postpone the probable cause hearing until the pending criminal charges against Corradi were resolved. Exhibit E, SPB230, SPB282. On August 17, 2015, Tamara Kemp sent an e-mail to Brent Davis, Kimberley Cavanaugh, Michelle Rey, and Parole employee Richard Turback, confirming that Davis had requested a postponement of Corradi's probable cause hearing pending disposition of the criminal charges against Corradi. Exhibit E, SPB230.

In his deposition and his opposition to the instant summary judgment motion, Plaintiff disputes that Mr. Davis ever conferred with him regarding his case or the probable cause hearing,[3] *see* ECF No. 71-2, Exhibit A to First Summary Judgment Motion at 17:12-19:15, and contends that he did not agree to postpone the probable cause hearing on the Violation of PSL charges pending the disposition of his criminal charges. *See id.* at 19:12-15; 20:9-14.

---

Court's analysis, which turns on whether Davis requested to postpone the hearings until the conclusion of Plaintiff's criminal case.

[3] In May 2017, Plaintiff wrote to CRAF Administrator Evelyn Davis to advise that he never received a preliminary probable cause hearing or a final revocation hearing and asked Davis to supply him with any documents to show that he did not receive the hearings. On July 5, 2017, Plaintiff wrote a letter to the Office of Attorney Ethics complaining that his assigned counsel, Mr. Davis, failed to communicate with him and "made legal decisions on [Plaintiff's] behalf without [Plaintiff's] consent." On July 1, 2017, Plaintiff also wrote to the Department of Justice about the alleged violations of his civil rights. *See* Plaintiff's Exhibits C-E.

On July 20, 2016, Judge Michael A. Toto of the Middlesex County Superior Court issued a bench warrant, to act as a detainer, for Indictment Number 15-09-1069.  Exhibit F, SPB242. On July 31, 2016, Corradi was granted release by the Parole Board with respect to the pending parole violations, as he had served an amount of time in custody equivalent to the custodial term he would have served for the violations had they been adjudicated by the Parole Board.[4]  Exhibit G, SPB256, SPB257; Plaintiff's Exhibit B.  Due to the detainer issued by Judge Toto on Indictment Number 15-09-1069, Corradi remained in custody after the Board granted his release on the PSL violations because the criminal charges remained pending.  Exhibit F, SPB242; Exhibit G, SPB256, SPB257.

On September 15, 2017, the Superior Court granted Corradi's motion to suppress and dismissed Indictment Number 15-09-1069, and dismissed Indictment Number 15- 09-1068 in part.  Exhibit H, SPB277, SPB278.  On October 11, 2017, the Superior Court dismissed the remaining criminal charges against Corradi under Indictment Number 15-09-1068, and he was released from custody.  Exhibit A, 20:15-20:24; Exhibit I.

---

[4] As noted in the Court's prior Opinion, Plaintiff previously violated PSL in 2013 and served a 14-month future eligibility term ("FET").  *See* ECF No. 99, Slip Op. at 3. Where a PSL parolee commits a subsequent violation of PSL, the New Jersey regulations set forth the following revocation time periods:
> For each subsequent revocation of an offender's parole supervision for life status, the offender shall serve an additional time period of two months in excess of the term imposed for the initial or a subsequent revocation regardless of the basis for the initial or subsequent revocation action. Any time period established upon the revocation of an offender's parole supervision for life status shall not, pursuant to N.J.S.A. 30:4–123.51b(c), exceed 18 months.

N.J.A.C. 10A:71–6.12(q).  Plaintiff was incarcerated from April 1, 2015-July 30, 2016, or approximately 16 months.  Plaintiff does not allege in his Complaint or otherwise argue that he was incarcerated beyond the term that would have been imposed for a violation of PSL, and his the 16-month period of incarceration is consistent with the timeframe set forth in the regulations.  As such, the Court does not construe Plaintiff to assert a § 1983 claim that he was held beyond the maximum term for his PSL offense.

### b. Procedural History

On October 28, 2020, the Court granted summary judgment to Defendants on the basis of qualified immunity as to Plaintiff's Fourth Amendment search, false arrest, and/or false imprisonment claims. ECF Nos. 99-100. After determining that Plaintiff had also alleged a Fourteenth Amendment due process claim in his initial Complaint that was not construed in the Court's screening opinion, the Court directed the Magistrate Judge to initiate a phone conference with the parties to determine whether any additional discovery was needed on that claim and to set a schedule for dispositive motions on that claim. *See id.*

A status conference was held by the Magistrate Judge on April 29, 2021. *See* ECF Nos. 105-107. The parties determined that no additional discovery was needed and the Magistrate Judge entered a scheduling order for dispositive motions. *See* ECF No. 107.

Defendants filed their second motion for summary judgment on June 16, 2021. *See* ECF No. 108. Plaintiff filed a motion to dismiss the Defendants' second summary judgment on August 20, 2021. ECF No. 111. Defendants filed their reply brief on August 26, 2021. ECF No. 112. The matter is fully briefed and ready for disposition.

## II.    **<u>STANDARD OF REVIEW</u>**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or

unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 447 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002).

The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg.*, Inc., 243 F.3d 130, 138 (3d Cir. 2001).

The non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (quotations omitted). Thus, there can be "no genuine issue as to any material fact," if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

A document filed *pro se* is to be "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In addition, when considering a motion in a *pro se* plaintiff's proceedings, a court

must "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999). Nevertheless, on a motion for summary judgment, "a *pro se* plaintiff is not relieved of his obligation under Rule 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." *Ray v. Fed. Ins. Co.*, No. 05-2507, 2007 WL 1377645, at *3 (E.D. Pa. May 10, 2007). "[M]erely because a non-moving party is proceeding *pro se* does not relieve him of the obligation under Rule 56(e) to produce evidence that raises a genuine issue of material fact." *Boykins v. Lucent Techs., Inc.*, 78 F. Supp.2d 402, 408 (E.D. Pa. 2000).

### III.  DISCUSSION

Plaintiff's remaining § 1983 claim against Defendants alleges that they denied him due process under the Fourteenth Amendment because he never received preliminary or final parole revocation hearings. It is undisputed that Plaintiff spent sixteen months in jail before the Parole Board released him when he served an amount of time in custody equivalent to the custodial term he would have served for the violations had they been adjudicated by the Parole Board.[5]

---

[5] Generally, when a prisoner challenges the fact or duration of confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and claims that necessarily imply the invalidity of a conviction (or sentence) are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), including challenges to parole revocation. *See, e.g., Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (holding that success on § 1983 claims challenging parole revocation decision would necessarily demonstrate the invalidity of the Parole Board's decision and was barred by *Heck*). Here, however, it is undisputed that the Parole Board never issued a decision revoking Plaintiff's PSL (or sentenced him to a FET) and released him when the time he would have served for the PSL violations expired. *See* Exhibit G, SPB256, SPB257. Because there is no Parole Board decision revoking his parole, Plaintiff's § 1983 claim that he was denied due process does not imply the invalidity of any conviction or sentence, and Defendants do not argue that his due process claims are barred by *Heck*. Indeed, Plaintiff's Complaint does not seek to invalidate any Parole Board's decision, a claim that must be brought in a habeas proceeding, and the Court does not construe him to bring such a claim.

In the relief section of Plaintiff's Complaint, however, he appears to seek relief from PSL restrictions, in addition to damages. Because the PSL restrictions were imposed pursuant to Plaintiff's 1999 conviction, which has not been vacated or overturned, this type of relief may not

A parolee facing revocation of parole has a conditional constitutional liberty interest in remaining free. *See Morrissey v. Brewer*, 408 U.S. 471, 483-84 (1972). Due process requires that a parole revocation hearing be held "within a reasonable time after the parolee is taken into custody." *Id.* at 488. A defendant generally is entitled to two separate hearings prior to revocation of parole or probation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 786 (1973). In *Morrissey v. Brewer*, the Supreme Court held that prior to the revocation of parole, a parolee is entitled to a preliminary hearing "to determine whether there is probable cause to believe he has committed a parole violation" and a final revocation hearing with an "evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." 408 U.S. at 486-489. The Court explained the state must hold the final hearing "within a reasonable time" after taking the parolee into custody.[6] *Id.* at 488.

New Jersey law provides for preliminary and final parole revocations hearings, consistent with federal law. Pursuant to statutory authority under N.J.S.A. 30:4-123.48, the New Jersey

---

be brought in a § 1983 action, and may only be sought in a habeas petition, after exhausting state court remedies. In any event, because the Court finds that Defendants did not violate Plaintiff's due process rights by failing to provide him with the probable cause hearings and grants summary judgment in their favor, it need not separately deny Plaintiff's request for relief from the PSL restrictions.

[6] The Supreme Court set forth the minimum standards for due process in parole revocation proceedings, which include:

> written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489.

Parole Board has promulgated N.J.A.C. 10A:71-7.4, which requires a preliminary hearing once a parolee is arrested on a parole violation warrant to determine whether probable cause exists to believe that the parolee has seriously or persistently violated conditions of parole and whether revocation of parole is desirable. The preliminary hearing must ordinarily be conducted within fourteen days of the parolee's return to custody as a parole violator. N.J.A.C. 10A:71-7.5(a). The parolee must be given written notice of the time, date, and place of the preliminary hearing at least three days prior to the hearing unless the parolee waives such notice. N.J.A.C. 10A:71-7.7(a). If probable cause is found to exist, a final revocation hearing must be conducted within sixty days of the date the parolee was taken into custody as a parole violator.[7] N.J.A.C. 10A:71-7.13.

In *Morrissey*, the Supreme Court declined to "reach or decide the question whether the parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent." 408 U.S. at 489. New Jersey regulations, however, provide parolees with "the right to representation by an attorney or such other qualified person as the parolee may retain, or if the parolee is determined to be indigent, the right to representation by an attorney assigned pursuant to the pro bono assignment program" provided the parolee presents a colorable claim. *See* 10A:71–7.7.

Defendants assert that they complied with their obligations to provide notice of Plaintiff's preliminary probable cause hearing, and that Davis, who was Plaintiff's second assigned counsel,

---

[7] The federal standard does not set a bright line period for conducting such hearings, but requires such hearings to be reasonably prompt. *See Morrissey v. Brewer*, 408 U.S. at 485 (explaining that the due process rights of a parolee taken into custody on parole revocation charges include a probable cause hearing "as promptly as convenient" following arrest on parole violation charges and reasonably prompt final revocation hearing).

is responsible for the delay in the preliminary and final hearings because he requested to postpone them until the conclusion of Plaintiff's criminal proceedings.  Having reviewed the undisputed record evidence and the parties' arguments, the Court agrees that Defendants did not violate Plaintiff's Fourteenth Amendment due process rights.

Under the New Jersey regulations, Defendants were obligated to "give written notice to the parolee of the time, date, and place of the preliminary hearing at least three days prior to the preliminary hearing unless the parolee waives such notice."  As relevant here, the parole officer or district supervisor must also provide the parolee with notice of his or her right to representation by an attorney, as well as the right to waive or postpone the hearing.  *See* 10A:71–7.7  The record reflects that Plaintiff initially received this notice on April 6, 2015, and received an amended notice on April 14, 2015.  Exhibits F-G.  It is undisputed that Plaintiff wished to have a probable cause hearing and asked on both occasions to be represented by an attorney at his preliminary hearing.  It is undisputed that the preliminary and final hearings did not occur.

Plaintiff argues that he did not receive the hearings as a result of "inaction" on the part of Defendants and their failure to follow up with the scheduling of the hearings:

> Defendant Sergeant Kimberly Cavanaugh violated Plaintiffs rights by NOT verifying and or ordering the participation of Defendant Senior Parole Office Michelle Rey in the (Preliminary Hearing) AN[D] final (Revocation Hearing). Defendant Senior Parole Office Michelle Rey did NOT follow New Jersey 10A law by NOT participating in or verifying IF or WHEN the Preliminary hearing was scheduled to take place as is MANDATORY.

Plaintiff's Brief at 5.

The record evidence provided by Defendants, however, establishes that the Parole Board scheduled the preliminary probable cause hearing for August 25, 2015, and the Parole Board subsequently postponed the preliminary and final hearings at Plaintiff's counsel's request pending the resolution of the criminal charges against Plaintiff.  *Morrissey v. Brewer* does not

explicitly mention the possible waiver of a preliminary revocation hearing, but the decision clearly provides for the waiver of the more important final revocation hearing, *See Morrissey*, 408 U.S. at 487-88 ("There must also be an opportunity for a [final revocation] hearing, if it is desired by the parolee …"); *see also United States v. Petlock*, 843 F. App'x. 441 (3d Cir. 2021) (defendant was not entitled to relief from revocation of supervised release for drug-trafficking and firearms offenses based on claim that he was deprived of preliminary hearing, where defendant, proceeding pro se, expressly waived right to same).

The New Jersey Appellate Division has also held there is no due process violation where delays in holding probable cause and final revocation hearings are due to the parolee's decision to proceed with counsel and counsel's decisions thereafter. *See Weaver v. New Jersey State Parole Board*, No. A-3965-17T3, 2019 WL 2289245, at *3 (N.J. Super. App. Div. May 29, 2019) (finding "neither a due process violation nor violation of N.J.A.C. 10A:71-7.5(a) or N.J.A.C. 10A:71-7.13(a) based on any alleged delays in the holding the probable cause and final revocation hearings because the record show[ed] the delays resulted from [the parole's] decision to proceed with counsel, and his counsels' actions thereafter"); *see also Bunch v. New Jersey State Parole Board*, No. A-3978-19, 2021 WL 1549781, at *3 (N.J. Super. App. Div. Apr. 20, 2021) (construing parolee's request for counsel as a waiver of the right to have his probable cause hearing conducted within the fourteen-day timeframe).

In opposing summary judgment, Plaintiff relies upon *Dougherty v. N.J. State Parole Bd.*, 740 A.2d 150 (App. Div. 1999), to establish that defendants violated his due process rights. However, Dougherty is clearly distinguishable. In *Dougherty*, an unrepresented parolee was charged with parole violations, and the Board scheduled him for a probable cause hearing. *Id.* at 151. Dougherty refused to accept notice of the hearing and he "failed to advise the hearing

officer whether he wished to proceed with either his probable cause or final revocation hearings." *Id.* As a result, the Board advised Dougherty that his hearing would be postponed indefinitely until he advised the Board that he wished to proceed. *Id.* Dougherty appealed the Board's inaction to the Appellate Division, which held that due process required that the Board conduct a prompt preliminary probable cause hearing and, if probable cause was found, a final revocation hearing, even if Dougherty refused to participate in those hearings. *Id.* at 152. Here, the Board attempted to schedule Corradi's preliminary hearing, and advised his counsel that the hearing was tentatively scheduled for August 25, 2015. Plaintiff's counsel did not refuse to respond like *Dougherty*; rather, he requested a postponement of the hearing pending disposition of Plaintiff's criminal charges, which was granted by the Board. As such, *Dougherty* has no application to this case.

Importantly, Plaintiff does not dispute that Davis asked to delay the hearings; instead, he claims that Davis asked for the postponement without Plaintiff's consent and failed to communicate with Plaintiff after he was appointed as Plaintiff's counsel. Plaintiff's argument that Davis failed to obtain his consent to delay his preliminary and final parole revocation hearings is unavailing because there is no record evidence 1) that Defendants were aware that Davis did not obtain Plaintiff's consent prior to requesting to postpone the hearing or 2) that Plaintiff timely notified Defendants (or any Parole Board employees) that Davis failed to obtain his consent to postpone the hearings.[8]

---

[8] The letters submitted by Plaintiff, in which he complains about his attorney's failure to communicate with him, were written in 2017 and were not addressed to Defendants or the Parole Board.

In light of the undisputed evidence that the Parole Board postponed Plaintiff's probable cause and final parole revocation hearings at the request of Plaintiff's counsel, the Court finds that Defendants did not violate Plaintiff's Fourteenth Amendment due process rights in failing to schedule the hearings. The Court, therefore, grants Defendants' motion for summary judgment on the remaining Fourteenth Amendment due process claims arising from Defendants' alleged failure to provide Plaintiff with preliminary and final parole revocation hearings. ECF No. 108. The Court denies Plaintiff's motion seeking dismissal of Defendants' summary judgment motion. ECF No. 111.

Finally, even if the Court were to construe Plaintiff to assert § 1983 claims against Davis, those claims would be subject to dismissal with prejudice. To pursue a claim under § 1983, a plaintiff must establish that his constitutional rights were violated "by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). It is well established that court appointed criminal defense attorneys do not qualify as a state actors. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *Smart, v. Administrative Office of the Courts State of New Jersey*, 672 F. App'x. 182, 183–84 (3d Cir. 2017). Moreover, "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983." *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009) (citing *Polk County v. Dodson*, 454 U.S. at 324-25). For these reasons, any attempt to amend the Complaint to add a § 1983 claim against Davis would necessarily fail.

### IV.    **CONCLUSION**

For the reasons explained in this Opinion, the Court grants Defendants' motion for summary judgment and denies Plaintiff's motion to dismiss. *See* ECF Nos. 108, 111. The Court will direct the Clerk of the Court to close this matter accordingly. An appropriate Order follows.

<u>/s/ Freda L. Wolfson</u>
Freda L. Wolfson
U.S. Chief District Judge

DATED: January 21, 2022.